UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON SCOTT EDELMAN,

Plaintiff,

v.  CAUSE NO. 3:19CV187-PPS/MGG

ROBERT L. MILLER JR., et al.,

Defendants.

OPINION AND ORDER

In this court, Brandon Scott Edelman was charged with possession with intent to distribute methamphetamine, armed drug trafficking, and being a felon in possession of a firearm. *United States v. Edelman*, 3:18CR68-RLM/MGG. He was tried and convicted, and sentencing is pending, currently set for May 15. Edelman has now filed this civil suit because he is unhappy with how the judge, prosecutor, and defense attorney have handled his case. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Two of the defendants that Edelman has named in this lawsuit, Judge Robert L. Miller, Jr., and Joel Gabrielse, are immune from suit. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Similarly, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrines of prosecutorial and judicial immunity apply, Edelman cannot proceed on a claim for damages against Judge Miller or Gabrielse.

To the extent Edelman is trying to obtain an order declaring that his rights were violated in his federal criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the pending criminal case (as Edelman is doing), or in a habeas proceeding under 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983); *Glaus v.*

*Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) (holding that the rationale of *Preiser* "applies just as soundly to federal prisoners filing a claim based on *Bivens*").

To the extent Edelman has a claim against the defendants that survives these barriers, it would be barred in any event by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id*. at 486-87. The *Heck* doctrine applies equally to *Bivens* actions. *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003).

For all these reasons, Edelman's complaint does not state a claim cognizable in federal court.[1] Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

ACCORDINGLY:

---

[1] To the extent Edelman may be attempting to bring a malpractice claim against Attorney Philip R. Skodinski, there is no basis for exercising federal jurisdiction over that claim.

The court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief may be granted.

SO ORDERED on March 21, 2019.

      /s/ Philip P. Simon
      JUDGE
      UNITED STATES DISTRICT COURT